WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United Steel Workers of America, AFL-CIO, CLC, <br><br>            Plaintiff,<br>v.<br><br>ASARCO, Inc. Et al.,<br><br>            Defendants. | CV 04-10 TUC DCB<br><br><br><br>**ORDER** |

      Plaintiffs, the Steel Workers of America, AFL-CIO sued Defendants ASARCO, Inc., (ASARCO) and the Retirement Income Plan for Hourly-Rated Employees of ASARCO Incorporated (the Plan) to compel arbitration. The Court granted summary judgment for Plaintiffs on August 15, 2005, and entered Judgment for Plaintiffs on August 16, 2005.

      Defendants appealed. The case was stayed as to Defendant ASARCO on August 12, 2005, pursuant to the automatic stay provisions of 11 U.S.C. § 361(a) for bankruptcy proceedings. This Court denied the Defendants' motion to stay the case and proceeded as to the Plan, awarding Plaintiffs' attorney fees on March 13, 2006.

      On January 7, 2008, the Ninth Circuit Court of Appeals ruled in Plaintiffs' favor regarding the substantive question of arbitration and upheld the award of attorneys' fees and costs. The case was remanded to this Court to determine whether, given the bankruptcy stay, fees were chargeable against Defendant ASARCO.

      On May 23, 2008, Plaintiffs filed a Motion for Clarification asking this Court to specify that the Defendants are jointly and severally liable for the attorney fee award and that the fees should not be apportioned between the two Defendants.

1    The normal rule for attributing costs and fees among unsuccessful parties is joint and several liability unless there are fractional costs not fairly attributable to one party. Wright & Miller, 10 Federal Practice and Procedure, Civ. 3d § 2668 n. 31 (2008 Update); *Community Television Systems, Inc. v. Caruso*, 284 FAS₄T.3d 430, 436-37 (2nd Cir. 2002). Fees may be apportioned based on the time expended by the plaintiff in pursuing each defendant. *Corder v. Gates*, 947 F.2d 373, 382 (1991) (citing *Woods v. Graphic Communications, Inc*., 925 F.2d 1195, 1206 (9th Cir. 1991); *Sable Communications of California v. Pacific Telephone & Telegraph Co.*, 890 F.2d 184, 194 (9th Cir. 1989)). Fees can also be apportioned based on the culpability of the defendants. *Jones v. Espy*, 10 F.3d 690, 691-92 (9th Cir. 1993). The award of fees is a matter of discretion for the Court. *Corder*, 947 F.2d at 381; *see also Hummell v. Rykoff & Co.*, 634 F.2d 446, 452 (9th Cir. 1980) (under ERISA, fees are left to district court's discretion)). In exercising its discretion, the Court should "'insure a fair result for both parties.'" *Sable*, 890 F.2d 184, 194 (9th Cir. 1989) (quoting *Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1125 (9th Cir. 1981)).

The Court finds that the normal rule of joint and several liability is appropriate in this case. There were no fractioned or apportioned costs attributable solely to one Defendant. The LMRA and ERISA claims were closely related and involved common core facts and related legal theories involving both Defendants. The same law firm was employed to defend against these same or similar claims. ASARCO was the Plan Administrator; ASARCO was very much a part of the case until the bankruptcy stay. The Plan has the means to satisfy the award, and the right to seek contribution from ASARCO.

**Accordingly,**

**IT IS ORDERED** that Plaintiffs' Motion for Clarification of Award of Fees and Costs (documents 111) is GRANTED.

1    **IT IS FURTHER ORDERED** that the award shall be joint and several against
2 ASARCO and the Plan.
3    DATED this 11th day of August, 2008.

_____
David C. Bury
United States District Judge